IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAY CHRIS MOBLEY,
      Plaintiff,

vs.                                 Case No.: 5:09cv342/MCR/EMT

CCA CORRECTIONS CORPORATION OF
AMERICA, et al.,
      Defendants.

_____/

## REPORT AND RECOMMENDATION

      This cause is before the court upon referral from the clerk.  Plaintiff commenced this action in October 2009 by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1).  At the court's direction, and after twice requesting and receiving additional time in which to do so (*see* docs. 16, 33), Plaintiff subsequently filed three amended complaints (*see* docs. 18, 23, 34).  By order dated November 14, 2011, the court gave Plaintiff thirty (30) days in which to file a fourth amended complaint (*see* doc. 36).  When Plaintiff failed to file the fourth amended complaint as instructed, the court issued an order to show cause why this action should not be dismissed for failure to comply with an order of the court (doc. 38).  On December 22, 2011, Plaintiff  requested an extension of time (doc. 39), which the court granted through January 9, 2012, only (*see* doc. 40).  Plaintiff was advised that the court would not grant any further requests for enlargement of time in which to file the fourth amended complaint in this long-standing matter and that if he failed to file the fourth amended complaint on or before January 9, 2012, the court would immediately recommend to the district court that this action be dismissed for failure to prosecute and failure to comply with an order of the court.  The time for complying with the court's order has elapsed, and Plaintiff  has failed to submit a fourth amended complaint as directed.

      Additionally, the court notes that Plaintiff has filed forty-six (46) cases in the Northern District of Florida.  Forty (40) of his cases have been filed since March of 2011.  Many of Plaintiff's

cases contain overlapping claims or allegations that stem from the same incident or operative facts, and in fact several cases have been dismissed because of this (*see, e.g*, 5:11cv284/MP/GRJ, dismissed after Plaintiff failed to show cause why the case should not be dismissed as duplicative; 5:11cv205/RH/GRJ, same; 5:11cv200/RH/GRJ, same; 5:11cv182/RS/GRJ, same; 5:11cv176/RH/GRJ, same).   Fourteen of Plaintiff's cases are currently pending before the undersigned.[1]

As early as September of 2011, Plaintiff indicated that he would be meeting with an attorney, Marie Mattox, for assistance with his litigation efforts (*see* 3:11cv148/RV/EMT, doc. 18).   This meeting apparently did not come to fruition until November 19, 2011 (*see* 3:11cv148/RV/EMT, doc. 22 at 2).   Most recently, Plaintiff has indicated that Ms. Mattox "does not wish to be the attorney of record" but does wish to assist him in some of this cases (*see* 5:09cv342/MCR/EMT, doc. 39 at 2).   Plaintiff has indicated his intent to voluntarily dismiss any cases that Ms. Mattox believed failed to state a claim (*see* 3:11cv148/RV/EMT, doc. 22 at 3). Although Plaintiff's last request for an extension of time in the cases other than the instant one was granted through December 23, 2011, as of the date of this Report and Recommendation, Plaintiff has failed to timely file an amended complaint in the thirteen other cases, file a motion for voluntary dismissal, or take any other action.[2]

This court has been more than generous in allowing Plaintiff extensions of time to sort through the morass of pending litigation and file his amended complaint in the instant case.   Further delay is unwarranted.   It appears at this time that Plaintiff is simply unprepared to litigate the volume of cases he has pending in the manner in which they have been filed.   Therefore, dismissal without prejudice is warranted.

---

[1]   3:11cv147/MCR/EMT;   3:11cv148/RV/EMT;   3:11cv179/LAC/EMT;   3:11cv229/LAC/EMT; 3:11cv231/WS/EMT;   3:11cv233/MCR/EMT;   3:11cv291/MCR/EMT;   5:09cv342/MCR/EMT;   5:10cv34/RS/EMT; 5:11cv108/RS/EMT; 5:11cv171/RH/EMT; 5:11cv178/RS/EMT; 5:11cv183/RS/EMT; and 5:11cv202/RS/EMT.

[2]   After multiple requests for a "continuance" had already been granted, in December 9, 2011, the undersigned granted Plaintiff's request for a continuance in the other  thirteen pending cases by way of a single order that was docketed separately in each action.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court and failure to prosecute.

At Pensacola, Florida, this 11th day of January 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**